IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PARK 10 HOSPITALITY, LLC d/b/a<br>RED ROOF INN,<br>  Plaintiff,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT<br>LLOYD'S LONDON, INTERNATIONAL<br>INSURANCE COMPANY OF<br>HANNOVER, SE, INDIAN HARBOR<br>INSURANCE COMPANY,<br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CAUSE NO.: 4:19-cv-5013<br>JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT, DEMAND FOR APPRAISAL, AND JURY DEMAND**

1. COMES NOW, Park 10 Hospitality, LLC d/b/a Red Roof Inn ("RRI") and files this its Original Complaint, Demand for Appraisal, and Jury Demand complaining of and against Defendants, Certain Underwriters at Lloyds London ("Lloyds"), International Insurance Company of Hannover, SE ("Hannover"), and Indian Harbor Insurance Company ("Indian Harbor"), and in support hereof would respectfully show unto the Court the following:

**A. NATURE OF THE CASE**

2. This action arises out of the breach of contract and bad faith of Defendants, which issued commercial insurance policies nos. AVS011052600 and AVS011052601 to Plaintiff, but willfully failed to honor its obligations after wind and hail damaged its hotel known as the Red Roof Inn. As explained more fully below, Defendants wrongfully denied portions of RRI's claim, failed and refused to timely respond to many portions of RRI's claims, willfully failed and refused to investigate the claims, wrongfully delayed payment, and deliberately interfered with RRI's efforts to recover its losses.

1

## B. PARTIES

3. Plaintiff, Park 10 Hospitality, LLC d/b/a Red Roof Inn ("RRI") is a Texas limited liability company that owns a hotel located at 15701 Park Ten Place, Houston, Harris County, Texas 77084. No service of process is necessary or requested at this time.

4. Defendant, Certain Underwriters at Lloyd's, London ("Lloyds"), is a foreign surplus lines insurance association of underwriters and maintains its principle place of business in London, England. Certain Underwriters at Lloyd's, London conducts the business of insurance for profit in a systematic and continuous manner in the state of Texas. Accordingly, Certain Underwriters at Lloyd's, London may be served with notice of this suit, by serving the Texas Commissioner of Insurance, Kent Sullivan, as its designated agent for service of process at 333 Guadalupe Street, Austin, Texas 78714-9104 with duplicate copies of process in this matter for forwarding to its designated agent, Mendes & Mounts, LLP, at its registered office, 750 Seventh Avenue, New York, NY 10019-3829.

5. Defendant, International Insurance Company of Hannover, SE ("Hannover"), is a foreign surplus lines insurance company and maintains its principle place of business in London, England. International Insurance Company of Hannover, SE ("Hannover") conducts the business of insurance for profit in a systematic and continuous manner in the state of Texas. Accordingly, International Insurance Company of Hannover, SE ("Hannover") may be served with notice of this suit, by serving the Texas Commissioner of Insurance, Kent Sullivan, as its designated agent for service of process at 333 Guadalupe Street, Austin, Texas 78714-9104 with duplicate copies of process in this matter for forwarding to its designated agent, Dinker, Biddle & Reath, LLP, at its registered office, 1177 Avenue of the Americas, 41st Floor, New York, NY 10036.

6. Defendant, Indian Harbor Insurance Company ("Indian Harbor"), is a foreign surplus lines insurance company and maintains its principle place of business in Exton, Pennsylvania. Indian Harbor Insurance Company ("Indian Harbor") conducts the business of insurance for profit in a systematic and continuous manner in the state of Texas. Accordingly, Indian Harbor Insurance Company ("Indian Harbor") may be served with notice of this suit, by serving the Texas Commissioner of Insurance, Kent Sullivan, as its designated agent for service of process at 333 Guadalupe Street, Austin, Texas 78714-9104 with duplicate copies of process in this matter for forwarding to its designated agent, Sarah Mims, Assistant Secretary, at its registered office, 505 Eagleview Boulevard, Suite 100, Exton, Pennsylvania 19341-0636.

## C. JURISDICTION AND VENUE

7. RRI seeks damages under the common and statutory laws of the state of Texas. The parties are citizens of different states and the amount in controversy exceeds $75,000. 18 U.S.C. §1332.

8. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and because a substantial part of the property that is the subject of the action is situated in this judicial district.

## D. FACTUAL BACKGROUND

9. In this Petition whenever it is alleged that the Defendants did any act or thing, it is meant that the Defendants' officers, agents, servants, employees, attorneys, or representatives did such act or thing and that at the time such act or thing was done, it was done with the full, expressed, implied or apparent authorization or ratification of the Defendants or was done in the normal and

routine course and scope of employment of the Defendants' officers, agents, servants, employees, attorneys or representatives.

10. RRI owns a hotel located at 15701 Park Ten Place, Houston, Harris County, Texas 77084.

11. At all times material hereto, RRI maintained commercial property insurance policies insuring its hotel with Defendants. On February 26, 2016, RRI purchased commercial property insurance policy no. AVS011052600 from Defendants to insure the hotel. On February 26, 2017, RRI purchased a renewal policy from the Defendants for the hotel. Each policy of insurance insured the hotel against direct physical loss or damage, including wind and hail damage. Collectively, the policies insured the hotel for two years from February 26, 2016 through February 26, 2018.

12. On January 22, 2017, RRI suffered a loss to the hotel arising from wind and hail damage. The loss was timely reported to Defendants on August 1, 2017; yet incorrectly processed based upon a May 2017 windstorm. RRI's position is that there was only one wind event that damaged its hotel and its date of loss was January 22, 2017. Any other wind events only exacerbated the property damages. However, out of an abundance of caution, RRI has joined the Defendants in this lawsuit for both policies purchased because the disputed wind events straddled two different policy periods. Fortunately, the carriers issuing both policies are identical.

13. As stated previously, on August 1, 2017, RRI notified Defendants of the loss and requested an investigation and payment under the terms of the insurance policy. Defendants assigned North American Risk Services ("NARS") to investigate the loss.

14. NARS retained adjusters Leading Edge Claims ("LEC") and engineers with Nelson Forensics ("NF") to inspect the hotel and estimate the loss. After an unnecessary long and lengthy investigation, Defendants determined the replacement cost value of the loss to the hotel to amount to

4

$57,966.19. Subtracting the policy deductible of $25,000.00 and an amount for recoverable depreciation, Defendants issued their check in the amount of $5,429.06 as the actual cash value of the loss.

15.     Defendants determination of the replacement cost value of the loss is grossly inadequate and misrepresents the true scope of the loss. RRI determined the replacement cost value of the loss to be $886,764.00. RRI based its opinion upon a compelling forensic meteorological report establishing the true date of loss, engineering analysis and professional and industry literature supporting low-level racking to the hotel and accurate market pricing for replacement cost calculations. RRI shared its evidence with Defendants, but Defendants have failed and refused to specifically address or refute RRI's evidence. In essence, Defendants have ignored RRI's proof or explain why it is not considered in its determination of the claim.

16.     An example of Defendants' ostrich like approach to the evidence occurred during joint inspections of the hotel. RRI pointed out wind induced low level racking of the hotel to the Defendants so-called experts. But Defendants experts refused to acknowledge or even refute the clear evidence of loss. RRI went as far as offering the use of a laser tri-axis level to Defendants' experts to demonstrate the low-level racking to the hotel, but Defendants' representatives refused to use the instrument to evaluate the racking. Instead, Defendants' representative chose to rely upon a four-foot level to measure the racking. To check for low level racking, a laser tri-axis level is more accurate than a four-foot level to measure a twenty-foot section of a corner to a building. Yet, despite this omission, Defendants chose to rely upon its so-called experts who ignored evidence of the loss, refused to take accurate measurements of the loss, and concocted a scheme designed to deny evidence of low level racking to the hotel by failing to find evidence of the racking with customary tools of the trade.

17. To resolve the impasse, RRI attempted to invoke the appraisal process set forth in the insurance policies. Months elapsed without any response to RRI's request for appraisal. Finally, on December 2, 2019, Defendants notified RRI of its refusal to participate in the appraisal process claiming that it could not attend appraisal until RRI set forth which claim (there is only one claim) it wanted to submit to appraisal and to identify the scope and amount of loss claimed. RRI previously submitted this information to Defendants; yet, Defendants fail to acknowledge RRI's documentation and used this flimsy excuse as a pretext to deny RRI its rights to appraisal as set forth in the insurance policy.

### E. CAUSES OF ACTION

18. RRI repeats and incorporates, by reference, the allegations of paragraphs 1 through 17 above and paragraphs 26 and through 33 below, as if fully set forth herein.

19. RRI alleges that violations of the common laws of the State of Texas were committed "knowingly" and with "gross negligence," "intent," and/or "malice" and as a result thereof, it is entitled to receive additional statutory and/or exemplary damages.

20. RRI further alleges that in all of the conduct complained of herein, all employees, servants, agents and representatives of Defendants had the actual, implied, or apparent authority to act on behalf of Defendants.

21. RRI further alleges that all conditions precedent to recovery herein have been performed or have occurred and that each cause of action alleged herein is plead additionally and alternatively.

22. Without waiving the foregoing, but strictly relying upon the same, RRI alleges that the actions and conduct of Defendants constitute a breach of contract. Defendants issued policy nos. AVS011052600 and AVS011052601 to insure RRI's building located at 15701 Park Ten Place,

Houston, Harris County, Texas against loss from all risks of direct, physical loss unless excluded or limited pursuant to the terms of the policy. The policy terms extended from February 26, 2106 through February 26, 2018. On January 22, 2017, wind and hail damaged the hotel. Wind damage is one type of direct, physical loss that is covered under the policy. Defendants' single payment to RRI represent Defendants' determination of the extent of loss due under the policies. Conversely, RRI contends that the damages to the hotel exceed Defendants determination by over $800,000.00. As such, Defendants' failure to pay the full of damages is a breach of the insurance policy between the parties which caused damages to RRI. In addition, Defendants have breached the insurance policy by failing to appoint an appraiser or participate in the appraisal process.

23.    Without waiving the foregoing, but strictly relying upon the same, RRI alleges that the actions and conduct of Defendants violate the common law duty of good faith and fair dealing. As stated previously, RRI was insured under an insurance contract issued by Defendants which gives rise to a duty of good faith and fair dealing in the event a claim is filed. Defendants breached the duty by delaying and/or denying payment of a covered claim when Defendants knew or should have known its liability under the policy was reasonably clear. In this case, Defendants knew or should have known RRI's claim was covered under the policy at the latest when it received RRI's estimate of the damages and the supporting meteorological and engineering analysis. Instead, Defendants relied upon its flawed engineering report from an engineering firm with a well-deserved reputation for representing insurance carriers in disputes with its policyholders. This engineering firm conducted a visual inspection of the RRI's building and based on this one time visual walk through of the property issued its report affirmative concluding that RRI's damages were caused by factors excluded under the policy and/or disregarding objectively verifiable tests performed on the hotel indicating low level racking to the hotel caused by wind damage. On its face, this "expert" analysis

should be disregard since it is the result of an inadequate and outcome-oriented investigation of the loss in a thinly disguised effort to underpay the benefits RRI is entitled to under the policy. Without any reasonable and objective testing whatsoever, Defendants engineers' conclusions are nothing more than self-serving speculation that Defendants cannot reasonably rely upon to support its delay or denial of RRI's claim. Defendants' unreasonable delay or denial of RRI's claim has breached the duty of good faith and fair dealing and proximately caused damages to RRI.

24. Without waiving the foregoing, but strictly relying upon the same, RRI alleges that the actions and conduct of Defendants violate Chapter 541.001 *et. seq.* of the TEX. INS. CODE. RRI was not required to provide Defendants with written notice of its claims under §541.154(c) and §542.A.003 TEX. INS. CODE because the giving of notice was render impracticable because the statute of limitations was about to run at the time of filing the lawsuit. As alleged herein, Defendants' acts or practices violated §541.060 TEX. INS. CODE by: (a) failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim when the insurer's liability has become reasonably clear; or (b) refusing to pay a claim without conducting a reasonable investigation of the claim. Defendants' act or practices were a producing cause of injury to RRI which was a producing cause of damages to RRI.

25. Without waiving the foregoing, but strictly relying upon the same, RRI alleges that the actions and conduct of Defendants violate Chapter 542.001 *et. seq*. of the TEX. INS. CODE. RRI is a policyholder under a commercial property insurance policy issued by Defendants. Defendants are foreign surplus lines carriers in Texas. RRI suffered a loss covered by the policy and gave proper notice to Defendants of its claim on August 1, 2017. Defendants are liable for the claim and have a duty to pay the claim in a timely manner. Defendants breached its duty by not timely acknowledging, investigating or requesting information regarding the claim; not accepting, rejecting,

or requesting an extension of time to investigate the claim; and not paying the claim after wrongfully rejecting it. Defendants' breach of duty caused injury to RRI which resulted in damages.

## F. DAMAGES

26. As a result of the actions and conduct complained of herein, RRI is entitled to recover all actual, incidental, and compensatory damages sustained in an amount that exceeds the minimum jurisdictional limits of this court. These damages include, but are not limited to: policy benefits wrongfully withheld and professional and technical fees.

27. RRI is further entitled to the recovery of additional and/or exemplary damages due to the knowingly, grossly negligent, intentional, and/or malicious actions and conduct of Defendants.

28. RRI is further entitled to the recovery of its reasonable and necessary attorney's fees incurred in connection with this suit.

29. RRI is further entitled to the recovery of pre-judgment and post-judgment as well as statutory penalty interest herein at the maximum amount allowed by law.

30. RRI is further entitled to the recovery of costs of court.

## G. DEMAND FOR APPRAISAL

31. Each of the potentially applicable insurance policies has an appraisal provision. Defendants have willfully failed and refused and continue to fail and refuse to appoint an appraiser to the appraisal panel to set the amount of the loss. RRI requests the Court to conduct a hearing on its Motion to Compel Appraisal and order the Defendants to appoint an appraiser to an appraisal panel and participate in good faith in the appraisal of the loss.

## H. JURY DEMAND

32. Pursuant to Rule 38 of the FED. R. CIV. PROC., RRI demands a jury trial on all issues triable by a jury.

## G. PRAYER

33. WHEREFORE, PREMISES CONSIDERED, Park 10 Hospitality, LLC d/b/a Red Roof Inn ("RRI") prays Defendants, Certain Underwriters at Lloyds London ("Lloyds"), International Insurance Company of Hannover, SE ("Hannover"), and Indian Harbor Insurance Company ("Indian Harbor"), be cited to appear and answer herein, that the Court order an appraisal to set the amount of loss, and that upon full and final trial herein, RRI recover from Defendants all actual damages sustained as the result of the actions of Defendants, along with additional and/or exemplary damages, and damages attributed to attorney's fees, costs of court, pre-judgment and post-judgment interest, and such other and further relief, whether general or special, at law and in equity, to which RRI may show itself justly entitled by this pleading or proper amendment hereto.

Respectfully submitted,

DURRETT LAW FIRM

*/s/ J. Brantley Durrett, III*
J. BRANTLEY DURRETT, III
ATTORNEY-IN-CHARGE
State Bar Number 06287615
Southern Dist. of Texas No. 11050
1061 West 17th Street
Houston, Texas  77008
Telephone No.: (888) 551-8183
Telecopier No.: (888) 551-8183
brant@durrettlaw.com

ATTORNEY FOR PLAINTIFF,
PARK 10 HOSPITALITY, LLC D/B/A
RED ROOF INN
