United States District Court
Southern District of Texas
**ENTERED**
September 16, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PARK 10 HOSPITALITY, LLC, d/b/a RED ROOF INN, | § § § | CIVIL ACTION NO. 4:19-cv-05013 |
| Plaintiff, | § § § | |
| vs. | § § § § | JUDGE CHARLES ESKRIDGE |
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON, *et al.*, | § § § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER ON DISMISSAL**

The motion by Defendants Certain Underwriters at Lloyd's London to dismiss for lack of subject-matter jurisdiction is granted. Dkt 6.

This is an insurance-coverage dispute related to a commercial insurance policy provided to Plaintiff Park 10 Hospitality, LLC, d/b/a Red Roof Inn by Certain Underwriters and fellow Defendants International Insurance Company of Hannover, SE, and Indian Harbor Insurance Company. The underlying claim relates to wind and hail damage.

Federal courts are ones of limited jurisdiction. *Howery v Allstate Insurance Co*, 243 F3d 912, 916 (5th Cir 2001), citing *Kokkonen v Guardian Life Insurance Co of America*, 511 US 375, 377 (1994). Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to seek dismissal of an action for lack of subject-matter jurisdiction. The Fifth Circuit holds that dismissal is appropriate "when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Products Liability Litigation (Mississippi Plaintiffs)*, 668

F3d 281, 286 (5th Cir 2012) (quotation marks and citations omitted).

The burden is on the party asserting jurisdiction to establish by a preponderance of the evidence that subject-matter jurisdiction is proper. *New Orleans & Gulf Coast Railway Co v Barrois*, 533 F3d 321, 327 (5th Cir 2008). Indeed, a presumption against subject-matter jurisdiction exists that "must be rebutted by the party bringing an action to federal court." *Coury v Prot*, 85 F3d 244, 248 (5th Cir 1996).

Park 10 brought this action in federal court asserting diversity jurisdiction under 28 USC § 1332. Dkt 1 at ¶ 7. This requires that the parties be completely diverse. It also requires that the amount in controversy exceed $75,000. Certain Underwriters assert that Park 10 fails to establish either factor.

*As to diversity of citizenship.* The Supreme Court clearly holds that the citizenship of an unincorporated association depends upon the citizenship of each of its members. *Carden v Arkoma Associates*, 494 US 185, 195–96 (1990). The Fifth Circuit has observed that the structure of Lloyd's is not as an insurance company, but rather as a "self-regulating entity which operates and controls an insurance market"—with the members or investors who collectively make up Lloyd's known as "Names." *Corfield v Dallas Glen Hills LP*, 355 F3d 853, 857 (5th Cir 2003). It has also determined with respect to entities like Lloyd's that "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Ibid (citations omitted).

The identity of the Names is thus what is pertinent to analysis of diversity jurisdiction. And so the citizenship of each Name must be diverse when the syndicate as a whole is suing or being sued. See *National Union Fire Insurance Co of Pittsburg, Pennsylvania v Siemens Energy, Inc*, 2013 WL 3323182, *3 (SD Tex); *Cronin v State Farm Lloyds*, 2008 WL 4649653, *2 (SD Tex).

Certain Underwriters argued in its motion that Park 10 failed to establish in its complaint that the parties are completely diverse by these standards. Dkt 6 at 3. Park 10 argued in response that the specific identity of the Names was unknown, requiring discovery. Dkt 9 at 2. The Court at hearing ordered Certain

Underwriters to file affidavits showing the citizenship and risk participation of each Name subscribing to the policies at issue. Minute Entry, August 12, 2020.

Certain Underwriters did so. See Dkt 18-1; see also Dkt 19 at 2. These affidavits establish that none of the subscribing Names are citizens of Texas. The parties in this respect thus remain entirely diverse.

*As to amount in controversy.* It is also necessary that the amount in controversy be established as to each Name. For example, see *ER Squibb & Sons, Inc v Accident & Casualty Insurance Co*, 160 F3d 925, 933 (2d Cir 1998); *Rips, LLC v Underwriters at Lloyd's London*, 2015 WL 2452339, *2–3 (ED La); *Lloyd's v Gailes*, 2016 WL 3033741, *4 (ND Miss). Affidavits from Certain Underwriters show that many of the Names subscribing to the policies at issue don't meet the amount-in-controversy requirement.

Park 10 disputes neither this applicable law nor the affidavits submitted by Certain Underwriters. Dkt 19 at 2–3. But it raises the additional question whether the dispute against Certain Underwriters as an entity must be dismissed entirely or only as to the underlying Names against which the amount in controversy isn't sufficient.

Park 10 sued Certain Underwriters as a singular unit. This in practical terms means it joined the dozens of Names subscribing to the subject policies. But where, as here, a plaintiff joins an unincorporated association as a unit, subject-matter jurisdiction extends either to the whole association or not at all. See *Carden*, 494 US at 196–97; *Corfield*, 355 F3d at 861–63 This requires dismissal for lack of subject-matter jurisdiction as to Certain Underwriters as a singular entity because the amount-in-controversy requirement isn't satisfied for each Name. See *Johnson v Certain Underwriters at Lloyd's, London*, 2009 WL 3232006, *4 (ED La); *Gailes*, 2016 WL 3033741 at *4.

It is permissible for particular Names to sue or be sued in their individual capacity. See *Corfield*, 355 F3d at 864; *Rips*, 2015 WL 2452339 at *3. Park 10 didn't do so. But it may if desired seek amendment of its complaint to join Names over which the Court has jurisdiction. See *Rips*, 2015 WL 2452339 at *4; see also Arthur R Miller and Charles Wright, *Federal Practice and Procedure*

3

§ 3608 (3d ed 1995) (proper joinder doesn't remove subject-matter jurisdiction once established).

The motion by Certain Underwriters to dismiss for lack of subject-matter jurisdiction is GRANTED. Dkt 6.

The claims as pleaded against Certain Underwriters are DISMISSED.

SO ORDERED.

Signed on September 16, 2020, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge